IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINIC RAMON ARCHULETA,

    Plaintiff,

  vs.                                                                                          1:20-cv-00934-JCH-LF

ANDREW SAUL, Commissioner of
The Social Security Administration,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Plaintiff Dominic Ramon Archuleta's September 22, 2020 request for the Court to appoint an attorney to assist him in re-instating his Social Security Disability Insurance ("SSDI") benefits. Doc. 6. The Court construes this request as a motion for the appointment of counsel ("Motion"). Having reviewed the Motion, the Court finds that it is not well-taken and should be DENIED.

"There is no constitutional right to appointed counsel in in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (unpublished) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (unpublished) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the

applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation and citation omitted).

In considering Mr. Archuleta's request, the Court has reviewed the Motion, the relevant case law, and the pleadings in light of the above-referenced factors. Within his Motion, Mr. Archuleta does not explain why the Court should appoint counsel, and therefore fails to persuade the Court that it should appoint counsel. *See* Doc. 9. In addition, the Court has reviewed the Complaint (Doc. 1). Due to the skeletal information contained in the Complaint, the Court is unable to assess the merits of Mr. Archuleta's claims, the factual issues, or the complexity of the legal issues in this case. While the Complaint shows that Mr. Archuleta may be limited in his ability to present his claims, overall, the factors weigh in favor of denying Mr. Archuleta's motion to appoint counsel at this time.

Finally, the Court notes that Mr. Archuleta is proceeding *in forma pauperis*, and has therefore demonstrated that he is unable to pay attorney's fees at this time. Docs. 2, 5. However, Social Security attorneys generally do not require payment up front, and often have fee agreements that state they will be paid out of back benefits if those are awarded. Thus, Mr. Archuleta's inability to pay does not preclude him for securing his own attorney to represent him. Mr. Archuleta may seek assistance in finding an attorney by contacting the following organizations:

1. Lawyer Referral Service-NOSSCR (National Organization of Social Security Claimant's Representatives): 1-845-682-1881

2. New Mexico State Bar General Referral Program: 505-797-6066 or 1-800-876-6227 (select option 2)

This list is not exhaustive, and the Court is not endorsing these organizations as the only or best way to find an attorney.

Mr. Archuleta's Motion to Appoint Counsel (Doc. 6) is DENIED.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge