IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINIC RAMON ARCHULETA,

    Plaintiff,

vs.                                                    1:20-cv-00934-JCH-LF

ANDREW SAUL, Commissioner of
The Social Security Administration,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT
PURSUANT TO FED. R. CIV. P. 12(e)**

THIS MATTER comes before the Court on Defendant's Motion for More Definite Statement Pursuant to FED. R. CIV. P. 12(e), or in the Alternative Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), filed on January 29, 2021. Doc. 15. Mr. Archuleta did not file a response, and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a). The Honorable Judith Herrera referred this case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, to perform legal analysis, and to recommend an ultimate disposition of this case. Doc. 18. Having reviewed the briefing, the relevant law, and otherwise being fully advised in the premises, I recommend the Court grant defendant's motion for a more definite statement.

    Federal Rule of Civil Procedure 8 requires a pleading for relief to contain the following:

    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).  Mr. Archuleta's Complaint (Doc. 1) does not contain any of these.  Mr. Archuleta filed his Complaint using a court form titled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Doc. 1 at 1.  Mr. Archuleta identified the Social Security Administration as the Defendant in the caption, stated his name and residence in Section A(1) of the form, and signed the Complaint.  *Id.* at 5.  However, the remainder of the form is blank.  *See* Doc. 1.  Mr. Archuleta's Complaint fails to meet the minimum pleading requirements under Rule 8.

The Commissioner asks the Court to require Mr. Archuleta to file a more definite statement.  Doc. 15 at 1–3.  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e).  I agree that Mr. Archuleta's Complaint is so vague and ambiguous that the Commissioner cannot reasonably prepare a response.  As such, I recommend the Court require Mr. Archuleta to file an amended complaint within 30 days of the date it adopts these Proposed Findings and Recommended Disposition ("PFRD").

If Mr. Archuleta intends to file a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, he must complete all sections of the form in a manner sufficient to meet the requirements of Federal Rule of Civil Procedure 8.  If Mr. Archuleta intends to appeal a denial of Social Security benefits by the Social Security Administration, he should instead file a completed "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" form.  I recommend that the Court instruct the Clerk of Court to mail Mr. Archuleta a copy of a "Complaint for Review of a Social

Security Disability or Supplemental Security Income Decision," and to document such mailing on the docket.

If Mr. Archuleta does not file an amended complaint within 30 days of the Court adopting the PFRD, I recommend that the Court strike Mr. Archuleta's complaint and dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order.").

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge